**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-2085**

---

ELIZABETH ETHERTON,

        Plaintiff - Appellant,

      v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; OFFICE OF HEAD START; BERNADINE FUTRELL, PH.D. in her official capacity as Director of the Office of Head Start; ADMINISTRATION FOR CHILDREN AND FAMILIES; JOOYEUN CHANG, in her official capacity as Acting Assistant Secretary for the Administration for Children & Families; DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECCERA, in his official capacity as Secretary of the Department of Health & Human Services,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:22-cv-00195-LMB-JFA)

---

Submitted:  September 18, 2023                    Decided:  September 27, 2023

---

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Daniel R. Suhr, Jeffrey D. Jennings, LIBERTY JUSTICE CENTER, Chicago, Illinois, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Lauren A. Wetzler, Chief, Civil Division, Yuri S. Fuchs, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Etherton appeals the district court's dismissal of her amended complaint without prejudice for lack of subject matter jurisdiction. We affirm.

On November 30, 2021, the United States Department of Health and Human Services ("HHS") issued an interim final rule establishing a COVID-19 mask and vaccine mandate covering federal Head Start programs.[*] *See* Vaccine and Mask Requirements to Mitigate the Spread of COVID-19 in Head Start Programs, 86 Fed. Reg. 68052-01, 68053, 68060-61 (Nov. 30, 2021). Etherton is a prekindergarten ("preK") teacher who declined to get vaccinated, citing medical reasons. She filed a complaint challenging the interim final rule, seeking declaratory and injunctive relief. The district court ruled that Etherton failed to show an injury in fact and therefore lacked standing to challenge the rule.

"To establish standing, a plaintiff must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). There were no Head Start students in Etherton's classroom and she experienced no disciplinary action or changes in her employment as the result of her vaccination status. Shortly after she initiated her lawsuit, her school district announced that it would not strictly enforce the vaccine requirement for staff who did not serve Head Start students, nor would it pursue

---

[*] HHS has since removed the requirement at issue here. *See* Removal of the Vaccine Requirements for Head Start Programs, 88 Fed. Reg. 41326-02, 41326 (June 26, 2023).

3

disciplinary action against staff assigned to classrooms that did not have Head Start students. Because we conclude that Etherton failed to show that she suffered an actual or imminent injury, we agree with the district court's determination that she lacked standing to challenge the interim rule.

Accordingly, we affirm the district court's order dismissing the complaint without prejudice for lack of subject matter jurisdiction. We deny as moot Appellees' motion to dismiss the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*